**PASCAGOULA NAT. BANK OF MOSS POINT AND PASCAGOULA, MISS., v. FEDERAL RESERVE BANK OF ATLANTA et al.***

(Circuit Court of Appeals, Fifth Circuit. February 11, 1926.)

No. 4721.

1. **Banks and banking** ⟜288½, New, vol. 11 A Key-No. Series—**Federal Reserve Bank is not required to credit as cash before collection checks drawn on its depositors (Federal Reserve Act, § 16, par. 12 [Comp. St. 1918, § 9799], and sections 13 and 19, as amended [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 9796, 9801]; and regulation J of Federal Reserve Board).**

Under Federal Reserve Act, § 16, par. 12 (Comp. St. 1918, § 9799), requiring "every Federal Reserve Bank to receive on deposit at par from member banks * * * checks and drafts drawn on any of its depositors," and in view of sections 13 and 19, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 9796, 9801), and regulation J of Federal Reserve Board, Federal Reserve Bank, on receipt of checks drawn on any of its depositors, is not required to credit amount thereof as cash, subject to withdrawal before receiving payment.

2. **Banks and banking** ⟜156—**In absence of statute, agreement or understanding of parties determines whether bank, accepting check from depositor, must give immediate credit.**

In absence of statute, agreement or understanding of parties determines whether bank, accepting check on another bank from depositor, is required to give credit therefor at time of acceptance or later.

3. **Banks and banking** ⟜156—**Bank's duty to receive on deposit checks on other banks does not imply that amount to be credited for check immediately becomes part of depositor's balance to be checked against.**

Bank's duty, whether imposed by statute or agreement, to receive on deposit checks on other banks does not imply that amount to be credited becomes, immediately on bank's receipt of check, part of depositor's balance to be checked against and withdrawn.

4. **Banks and banking** ⟜288½, New, vol. 11A Key-No. Series—**Federal Reserve Bank cannot charge exchange on checks drawn on itself and received from member bank, either as owner or holder for collection (Federal Reserve Act § 13, par. 1, as amended [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 9796]).**

Under Federal Reserve Act, § 13, par. 1, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 9796), permitting banks to make reasonable charges for collection or payment of checks, but providing "no such charges shall be made against Federal Reserve Banks," a member bank cannot charge exchange on checks drawn on itself, and received from a Federal Reserve Bank either as owner or holder for collection.

Foster, Circuit Judge, dissenting.

*Certiorari denied 46 S. Ct. 637, 70 L. Ed. —.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by the Pascagoula National Bank of Moss Point and Pascagoula, Miss., against the Federal Reserve Bank of Atlanta and another. From a decree dismissing the bill (3 F.[2d] 465), plaintiff appeals. Affirmed.

Alex W. Smith, Jr., of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., and Denny & Heidelberg, of Pascagoula, Miss., on the brief), for appellant.

Newton D. Baker, of Cleveland, Ohio, and Hollins N. Randolph and Robert S. Parker, both of Atlanta, Ga. (Walter Wyatt, of Washington, D. C., and Montgomery B. Angell, of New York City, on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a bill filed by the appellant, a national bank located in Mississippi. The questions raised are well stated as follows in the opinion rendered by the District Judge:

"The present case involves the handling of checks between the Federal Reserve Bank and one of its members, under regulation J of the Federal Reserve Board. That regulation, adopted to execute the collection and clearing house powers granted in section 13 and section 16 of the Federal Reserve Act (Comp. St. §§ 9796, 9799), requires that each Federal Reserve Bank shall exercise the function of a clearing house, and collect checks on terms and conditions particularly set forth, whose effect, so far as here material, is that each Reserve Bank will receive at par checks which can be collected at par, and only such, whether they be sent it by its own member and affiliated banks, or by or for the account of other Reserve Banks, and whether the checks are drawn on its own member banks or nonmember banks, and that the checks sent each Reserve Bank will be counted as reserve or become available for withdrawal by the bank sending them (subject to final payment) only in accordance with a time schedule based on experience of the average time required to collect checks drawn on the different points. The observance of this regulation by the Reserve Bank of Atlanta results in a refusal by it to permit the complainant, one of its members, to deduct the previously charged 'exchange' or compensation for remitting payment for checks drawn on complainant, and prevents com-

plainant getting immediate credit for checks sent by it to the Reserve Bank when drawn on points at a distance from Atlanta, whereby it loses the use of the credit during the period of delay. The complainant contends, first, that by the provision of section 16 of the Reserve Act it is entitled to immediate credit, at par, for checks drawn on any of the depositors in the reserve bank of Atlanta, no matter at what distance from Atlanta the drawee may be; second, that under the Hardwick Amendment of section 13 (section 4, c. 32, 40 Stat. 234 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 9796]), it has the right to make a charge for remitting payment to the Reserve Bank of Atlanta of checks drawn on itself when these are not the property of the Reserve Bank, but are handled for collection; third, that under section 13 the Reserve Bank of Atlanta has no right to have or collect any checks drawn on complainant which come to the Reserve Bank from a source outside of the Sixth reserve district; fourth, that, if the Reserve Act authorizes this deprivation of complainant's right to charge for remittance, it takes its property without due process of law, contrary to the Constitution." Pascagoula National Bank v. Federal Reserve Bank of Atlanta (D. C.) 3 F.(2d) 465.

[1] The claim that, for checks drawn upon any of the depositors of the Federal Reserve Bank of Atlanta (herein referred to as appellee), sent or delivered by appellant to appellee for deposit, appellant was entitled to immediate credit at par as deposits subject to be checked or drawn on is based upon the provision of section 16 of the Federal Reserve Act (38 Stat. 265, U. S. Comp. St. § 9799, par. 12) that "every Federal Reserve Bank shall receive on deposit at par from member banks * * * checks and drafts drawn upon any of its depositors." That provision is explicit in imposing on a Federal Reserve Bank the duty of receiving on deposit from member banks checks and drafts drawn upon any of its depositors, and in requiring that such checks be so received at par. The amount of the credit to be given the depositor is prescribed, but not the time of giving it, unless the language used means that the amount called for by such a check, upon the receipt of it by the Reserve Bank, at once becomes subject to be withdrawn on the depositor's checks.

[2] In the absence of a statute otherwise providing, the express or implied agreement or understanding of the parties determines whether a bank accepting from a depositor a check on another bank is required to give credit therefor at the time of the acceptance or at a subsequent time, the bank not being required to give immediate credit for the check as for cash, if it clearly manifests its intention not to do so. National Bank v. Burkhardt, 100 U. S. 686, 25 L. Ed. 766; Burton v. United States, 25 S. Ct. 243, 196 U. S. 283, 49 L. Ed. 482; St. Louis & S. F. Ry. Co. v. Johnston (C. C.) 27 F. 243. The opinion in the first-cited case shows that it was distinctly recognized that, where a bank takes from a depositor a check on another bank, the depositor is not entitled to credit for the check at the time of its delivery, if at that time he has notice that the giving of credit therefor would be deferred to a time in the future. The following is from the opinion in the last-cited case: "It is quite certain that bankers do not invariably credit their customers for sight paper as for cash, but are generally influenced by the financial responsibility of the customer, or the drawee of the paper, or both. If a bank does not wish to assume the relation of a debtor for the paper to the depositor, this intention may be manifested in a very explicit manner by crediting the paper as paper."

The relation between a bank and a customer having a checking account with it does not necessarily imply that for checks on other banks sent or delivered for deposit the customer is entitled to be credited as for cash prior to the presentation and collection of such checks. The receipt by a bank of checks on other banks for collection and credit, and making the amount to be credited therefor subject to withdrawal by the depositor only after collection are ordinary incidents of such a relation. It could not well be said that banks so receiving checks on other banks do not thereby engage in receiving on deposit checks. Appellee's above-mentioned regulation disclosed its intention as to the time the amount of a check required to be received by it on deposit would become a part of the customer's checking deposit. That regulation is not inconsistent with the requirement that appellee "shall receive on deposit at par" such a check, unless that requirement gave appellant the right to be credited for such sight paper as for cash.

[3] As above indicated, the duty of a bank, whether imposed by statute or by agreement, to receive on deposit checks on other banks, does not necessarily imply that the amount to be credited for a check becomes, immediately upon the bank's receipt of it, part of the depositor's balance, subject to be checked against and withdrawn. Uncontroverted evidence in this case showed that there is a

general custom among banks to refuse to pay checks drawn against uncollected funds. The provision in question is to be construed in the light of customs affecting the relations of banks and their customers. Furthermore, if that provision has the meaning attributed to it in behalf of the appellant, practically it has the effect of requiring a Reserve Bank to buy from member banks checks on its depositors and to pay in cash therefor the amount they call for, or to lend without interest that amount on such checks for whatever time may elapse between the bank's receipt of them and the presentation of them to the drawees for payment, the obligation incurred by the member bank in such a transaction being to repay to the Reserve Bank the amount of checks not paid by the drawees. That the lawmakers did not intend the provision in question to have that effect is persuasively indicated by other provisions of the Federal Reserve Act.

A member bank's checking deposit in a reserve bank constitutes also its reserve balance provided for by section 19 of the act, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 9801). That reserve balance is required to be "an actual net balance" equal to not less than a prescribed per centum of the aggregate amount of its demand deposits and a prescribed per centum of its time deposits. So far as a balance is represented by uncollected checks on other banks received from a depositor, it could not well be considered to be either actual or net. The value of such paper may consist wholly in the depositor's obligation to repay the amount credited therefor or advanced thereon. Evidently it was not intended to permit the depositor's promises to make good to be counted in determining the amount of its "actual net balance." Section 13 of the act, as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 9796), prescribes the character of paper which a Reserve Bank may discount for, or make advances on to its member banks. Neither the provision of that section nor any other provision of the act indicates an intention to authorize a Reserve Bank to invest its funds in uncollected checks on other banks presented by a member bank.

If under the provision in question a Reserve Bank is required, upon the receipt by it for deposit from a member bank of checks drawn on any of its depositors located where there is no office of a Reserve Bank, to credit the amount thereof in the reserve account of such member bank, it is apparent that the Reserve Banks would constantly have many millions of dollars of their resources invested in noninterest-bearing paper in transit. That result is not consistent with due effect being given to the provision as to what a member bank may obtain advances on from a Reserve Bank. For reasons above indicated, we conclude that the provision in question does not require the appellee, upon its receipt from appellant for deposit of checks drawn upon any of the appellee's depositors and prior to the payment of such checks, to credit the amount thereof as for cash, thereby making such amount at once subject to be withdrawn by appellant.

[4] In view of the unequivocal language of paragraph 1 of amended section 13 of the Federal Reserve Act as to collection charges against Federal Reserve Banks, and of the decisions in the cases of American Bank v. Federal Reserve Bank, 43 S. Ct. 649, 262 U. S. 643, 67 L. Ed. 1153, and Farmers' Bank v. Federal Reserve Bank, 43 S. Ct. 651, 262 U. S. 649, 67 L. Ed. 1157, 30 A. L. R. 635, we think it would be superfluous to add anything to what was said in the opinion rendered by the District Judge in support of the conclusion that appellant was not entitled to make exchange or remitting charges on checks on itself received from appellee, whether appellee was the owner of those checks or held them for collection, pursuant to authority conferred by the Federal Reserve Act.

The decree is affirmed.

FOSTER, Circuit Judge (dissenting). Section 16 of the Federal Reserve Act provides that every Federal Reserve Bank *shall* receive on deposit at par from member banks checks and drafts drawn upon any of its depositors. Section 13 of the act, as amended, provides that any Federal Reserve Bank *may* receive such deposits from member banks, but does not specify at par, and further provides that both member and nonmember banks may make reasonable charges for collection or payment of checks and drafts and remission thereof by exchange or otherwise, provided no such charges shall be made against the Federal Reserve Banks.

In this case it appears that the appellee does not give immediate credit for checks deposited by member banks, drawn on other member banks. Regulation J provides for holding such checks in suspense for a period sufficiently long to allow for collection in the ordinary course of events before credit is given. This is a plain violation of section 16 of the act. Receiving checks for collection is not receiving them on deposit.

It is idle to say that to give immediate

credit to checks deposited would require the Reserve Bank to lend millions of its money without interest. In nearly all cases a crediting of the check and subsequent collection would be a mere matter of bookkeeping. If the Reserve Bank applied clearing house methods, as they are authorized to do, probably most of the items could be handled in the bank.

The danger of loss to the Reserve Bank is also infinitesimal. The member banks are stockholders of the Reserve Bank in proportion to their own capital and surplus. In the event of the failure of a member bank, the Reserve Bank has a first lien on its stock. The member bank is also required to keep a certain percentage of its total deposits on deposit with the Reserve Bank, in this instance 3 per cent. of the time deposits and 7 per cent. of its general deposits. If the check deposited were not in fact paid, the Reserve Bank could immediately charge it against the deposit. If that reduced the deposit below the legal requirement, the penalty provided by the act could be applied. The penalty usually enforced for a reduction of the required deposit below the minimum is to charge the discount rate and 2 per cent. additional on the deficit until repaid.

The Reserve Bank has the right to make frequent examinations of the member banks, and to call for statements of their affairs whenever thought necessary. So they have ample opportunity to judge of the solvency of the member banks. The minimum deposit required by the act is subject to check, so no violation of the law would occur, if occasionally these deposits were reduced below the minimum. Of course, the statute should not be construed to require the Reserve Bank to give immediate credit, regardless of the solvency of the depositor and the payee of the check, nor to give credit, if there be cause to suspect that the check is not genuine, or for any other reason will not be paid when presented.

If it be conceded arguendo that, by construing the two sections together, discretion is vested in the appellee to take checks from member banks drawn on other member banks in the same reserve district merely for collection, then it seems to me the appellee is on the other horn of the dilemma. It can hardly be said the charge made for payment or collection of such checks is a charge made against the Federal Reserve Bank.

It is contended that, although the Federal Reserve Bank receives checks in the manner above indicated, that is to say, for collection, they receive them on deposit for collec-

tion, and must credit them at par when collected; consequently a collection charge would still be made against the Reserve Bank, which would be illegal.

The Supreme Court, in Farmers' Bank v. Federal Reserve Bank, 43 S. Ct. 651, 653, 262 U. S. at page 653 (67 L. Ed. 1157, 30 A. L. R. 635) said this: "Par clearance does not mean that the payee of a check, who deposits it with his bank for collection, will be credited in his account with the face of the check if it is collected. His bank may, despite par clearance, make a charge to him for its service in collecting the check from the drawee bank. It may make such a charge, although both it and the drawee bank are members of the federal reserve system; and some third bank which aids in the process of collection may likewise make a charge for the service it renders."

The argument that the Reserve Bank must inevitably credit the face of the check when collected is not sound. Section 13 does not require it, nor does a reasonable construction of section 16. It seems to me to be clearly the intention of Congress that the Federal Reserve Bank shall give to its member banks immediate credit for checks drawn on other member banks in the same district.

If I am wrong in this conclusion, then it inevitably follows that the member banks have the right to make collection and exchange charges on such checks, as the charge cannot be said to be made against the Reserve Bank when the check is merely held for collection.

For these reasons I respectfully dissent.